65   55
88   611

## John V. Farwell Co. v. Emma A. Martin.

1. EXEMPTIONS—*Wife as the Head of the Family.*—Where the evidence shows that the wife, although doing business in her own name and with her own money, has not, in fact, become the head of the family by taking exclusive charge of, managing and controlling the earnings and productions of the family, and the financial and business interests necessary to support and keep it together, she is not entitled to the benefit of the exemption laws as a head of a family.

**Trial of the Rights of Property.**—Appeal from the Circuit Court of Menard County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed May 16, 1896.

CHARLES NUSBAUM, attorney for appellant.

The law presumes that the husband residing with his family is the head of the family. Clinton v. Kidwell, 82 Ill. 427; Berry v. Hanks, 28 Ill. App. 55; Temple v. Freed, 21 Ill. App. 238.

At common law the father possessed the paramount right to the custody and control of his minor children. 17 Am. & Eng. Ency. of Law, 364.

The American rule follows generally the rule of the English equity courts. The right of the father to have the custody of his child is, in the general sense, admitted. 17 Am. & Eng. Ency. of Law, 368, 369.

WATKINS & GOLDEN, attorneys for appellee, contended that the plain intent of the law is to preserve a home and support for the family, and not for its head as distinguished from its members. Where the husband and wife are living together and the property of the husband does not reach the limit fixed by law, and the wife is the owner of the property levied upon and yet claimed as exempt, and is herself the debtor in the judgment and execution, we must regard her claim to exemption as valid, to the extent necessary to make, with her husband's property, the amount protected by the statute. Crane v. Waggoner, 33 Ind. 85; see also Temple v. Freed, 21 Ill. App. 238.

The question as to whether a person is the head of a family, is a question of fact for the jury. Race et al. v. Oldridge, 90 Ill. 250.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was a trial of the right of property, whereby the appellee, being the judgment debtor of appellants, sought to secure an exemption upon the ground that she was the head of a family. She was successful therein, and therefore this appeal.

This appellee is a married woman residing with her husband and children. The family occupy a dwelling house owned by the husband, who was formerly engaged in merchandising but sold out in the fall of 1893.

About the 1st of November, 1894, the appellee began the retail grocery business, in the course of which the present debt was contracted. The money, some $900, invested in this venture belonged to her, and was derived from her father's estate.

She principally conducted the business, but the husband assisted her in the general management and as a clerk.

The domestic affairs of the family were apparently not abnormal in any way, and the husband seemed to occupy his proper position, except that she and he both insisted he was merely a subordinate in the business referred to. He had some $3,000 of accounts when he retired from business, and a part of the money collected therefrom went to the support of the family.

He was in ordinary health, of sound mind, and was devoting all his time to the care of his family and management of the grocery business which was conducted in her name— with money which was hers—and, as may be fully conceded, that business was in all respects subject to her authority and control. But this did not divest him of his legal function as the head of the family.

The case is very unlike that of Temple v. Freed, 21 App. 238, upon which counsel depends to support this judgment. There the husband had been insane, and as such, confined in the county jail and in the hospital for the insane. He had however recovered so far as to live at home with his wife and children, but he did nothing substantially toward his own support or that of the family, while the wife, with the assistance of the children, carried on the farming operations by which the family was supported.

The expressions found in the opinion were entirely proper with reference to that case, but should not be applied here where the facts are so different.

To repeat, in the present case it appears that the husband is in a normal condition of health, mental and physical, owns the residence occupied by the family, and a considerable amount in accounts, a part of which he has used to support his wife and children; that as clerk and assistant he renders valuable service in the management of the wife's business, and that to this business and to the care and protection of his family he devotes all his energy and time. It may be that he is also in debt—that the homestead is incumbered— but there is nothing in this record to warrant the conclusion that he has lost his proper position and character as the head of the family. He has not abdicated, nor forfeited his headship, nor is that question to be determined merely by ascertaining whether he or she contributes the greater sum to the support of the family.

The judgment will be reversed and the cause remanded.